Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Dwayne Page,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
DWAYNE PAGE, on behalf of himself and
all others similarly situated

Civil Action No.

**CLASS ACTION COMPLAINT**

Plaintiffs,

v.

ENHANCED RECOVERY COMPANY, LLC
D/B/A ERC

**NO JURY TRIAL DEMANDED**

Defendant.
--------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq. as and for his complaint against Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

**INTRODUCTION**

1. Dwayne Page ("Plaintiff"), on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Defendant, Enhanced Recovery Company, LLC d/b/a ERC ("Defendant" or "ERC"), in connection with their attempts to collect alleged debts from himself and others similarly situated.

1

2. Plaintiff alleges that ERC's debt collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Dwayne Page is an individual natural person who at all relevant times resided in the City of East Orange County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Enhanced Recovery Company, LLC d/b/a ERC is a collection agency with their principal place of business located at 8014 Bayberry Road, Jacksonville, Florida, 32256.

10. The principal purpose of ERC is the collection of debts using the mail and telephone.

11. ERC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. ERC is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime prior to May 1, 2016 the Plaintiff allegedly incurred a debt owed to T-Mobile USA, Inc. (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal cellular phone account in Plaintiff's name.

15. The Debt arose out of a personal cellular phone account which Plaintiff opened for his personal use.

16. Plaintiff's T-Mobile USA, Inc. account was neither opened nor used by Plaintiff for business purposes.

17. The cellular phone debt is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

19. At a time known only to Defendant, the Debt was referred by Plaintiff's creditor to ERC for the purpose of collection.

20. ERC contends that the Debt is past-due and in default.

21. At the time the Debt was referred to ERC, the Debt was past-due.

22. At the time the Debt was referred to ERC, the Debt was in default.

23. At all times relevant hereto, ERC acted in an attempt to collect the Debt.

24. On or about February 8, 2017, ERC mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the letter dated February 8, 2017 sent by ERC to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy).

25. ERC mailed the February 8, 2017 letter attached as Exhibit A as a part of their efforts to collect the Debt.

26. Plaintiff received the letter attached as Exhibit A in the mail.

27. Plaintiff read the letter attached as Exhibit A upon receipt of said letter in the mail.

28. Exhibit A seeks to collect the Debt.

29. Exhibit A conveyed information regarding the Debt including the amount owed, account number, and a demand for payment.

30. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

31. The letter attached as Exhibit A directly refers Plaintiff to Defendant's website to make payment on the Debt.

32. The letter attached as Exhibit A states in relevant part:

> View statements, pay your balance, and manage your account online at www.payerc.com

33. Plaintiff visited the website www.payerc.com referred to in the letter attached as <u>Exhibit A</u> to make payment.

34. Plaintiff entered the Reference Number provided in <u>Exhibit A</u> and the last four digits of his social security number and was taken to a payment screen.

35. The website went to a page where Plaintiff could pay the Debt. At the top right of the page was the following statement:

> Monthly payment    $1,190.25
> Monthly surcharge    $7.50
>
> (Annexed and attached hereto as <u>Exhibit B</u> is a printout from ERC's website referred to in <u>Exhibit A</u> showing the above language)

36. On the website for payment that ERC referred Plaintiff to in <u>Exhibit A,</u> ERC added a "monthly surcharge" fee of $7.50 in addition to the full principal balance of the Debt.

37. The $7.50 "monthly surcharge" fee is retained by ERC and is not applied to the principal balance of the Debt when paid.

38. ERC automatically adds the $7.50 "monthly surcharge" fee to any payment made through their website referred to in <u>Exhibit A.</u>

39. ERC attempted to collect the $7.50 "monthly surcharge" fee from Plaintiff. *See* <u>Exhibit B</u>.

40. ERC sought to collect a "monthly surcharge" fee from Plaintiff in addition to the total balance he allegedly owed on the underlying Debt to T-Mobile by adding the $7.50 "monthly surcharge" fee when he attempted to pay the Debt.

41. ERC sought to collect monies in the form of the "monthly surcharge" fee from Plaintiff in addition to the total balance he allegedly owed on the underlying Debt to T-Mobile by

adding the $7.50 "monthly surcharge" fee shown in <u>Exhibit B</u> when he attempted to pay the Debt through the website referred to in <u>Exhibit A</u>.

42. The $7.50 "monthly surcharge" fee representation made by ERC was addressed to Plaintiff and Plaintiff was injuriously exposed to said representation.

43. The $7.50 fee is not expressly authorized by any agreement.

44. The $7.50 fee is not permitted by New Jersey state law.

45. ERC's debt collection practice is largely automated and utilized standardized form letters.

46. <u>Exhibit A</u> is a standard form letter.

47. Documents in the form represented by <u>Exhibit A</u> are regularly sent by ERC to collect debts from consumers.

48. ERC mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New Jersey consumers from whom ERC attempted to collect a consumer debt.

49. ERC collected, or attempted to collect, an unauthorized fee from at least 40 persons residing in the state of New Jersey within one year of the date of this Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692e)</u>

50. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

51. In sending the letter attached as <u>Exhibit A</u> and adding a $7.50 "monthly surcharge" fee to payments made through their website referred to in <u>Exhibit A</u>, ERC violated 15 U.S.C. §1692e(2)(B) and §1692e(10).

52. 15 U.S.C. §1692e provides:

**§1692e.   False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of --
>
>> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. While 15 U.S.C. §1692e prohibits certain practices, the list is non-exclusive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

54. In considering whether a collection notice violates 15 U.S.C. §1692e, Courts in the Third Circuit apply the "least sophisticated consumer" standard. *See* <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 453 (3d Cir. 2006).

55. ERC violated 15 U.S.C. § 1692e(2)(B) by making a false representation that it was legally entitled to assess, receive, and retain compensation for collection of the Debt in the form of an $7.50 "monthly surcharge" fee that was to be retained by ERC. ERC attempted to charge Plaintiff an amount in excess of what they actually owed to T-Mobile under the guise of a "monthly surcharge" fee for payments made through their website. This $7.50 fee, which is not expressly authorized by agreement nor permitted by New

Jersey law, and is retained by ERC, is a false representation that ERC is entitled to compensation for the collection of the Debt, and thus a violation of §1692e(2)(B).

56. ERC violated 15 U.S.C. § 1692e(10) by making a false representation that it was entitled to receive compensation for payment of the Debt. Defendant attempted to charge Plaintiff an amount in excess of what he actually owed in the guise of a $7.50 "monthly surcharge" fee for payment of the Debt made through their website. This $7.50 "monthly surcharge" fee which is not expressly authorized by agreement nor permitted by law, and is retained by ERC, is a false, deceptive, or misleading representation made in connection with the collection of the Debt, and thus a violation of §1692e(10).

57. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was mailed and directed to him.

58. Plaintiff has alleged a concrete harm because 15 U.S.C. § 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff.

59. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

**CLAIMS FOR RELIEF**

**COUNT II**

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692f)</u>

8

60. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

61. In sending the letter attached as Exhibit A and charging a fee for payments made through their website referenced in Exhibit A, ERC violated 15 U.S.C. §1692f(1).

62. Section 1692f provides:

    **§1692f.        Unfair practices**

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

63. ERC violated 15 U.S.C. §1692f(1) because the $7.50 "monthly surcharge" fee that ERC attempted to collect by adding the fee to payments made through ERC's website is not expressly authorized by agreement nor permitted by New Jersey law.

64. The notification and attempted collection of the $7.50 fee is unlawful. *See e.g.* Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); Quinteros v. MBI Assocs., 999

F. Supp. 2d 434 (E.D.N.Y. Feb.27, 2014) (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

65. ERC's violated 15 U.S.C. §1692f(1) by engaging in unfair practices by attempting to collect an amount that was not authorized by contract or permitted by law.

66. Be reason thereof, Defendant is liable to the Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692f and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

67. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

68. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69. This cause of action is brought on behalf of Plaintiff and the members of the following class.

70. The class consists of (a) all individual natural persons (b) with a New Jersey address (c) whom Defendant mailed a letter materially identical to Exhibit A (d) that referred the consumer to Defendant's website for payment where a $7.50 "monthly surcharge" was referenced (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

71. The class definition above may be subsequently modified or refined.

72. The proposed classes specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the

Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

73. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The allegations in this Complaint involve a standardized computer generated form collection letter. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692f, (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class members they seek to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

74. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

75. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;
    b. Members of the class are likely to be unaware of their rights; and
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that ERC violated 15 U.S.C. §§1692e, 1692e(2)(B), 1692e(10), 1692f, and 1692f(1);

3. An award of statutory damages for Plaintiff and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
February 7, 2018

                                  THE PLAINTIFF

                       /s/ Ryan Gentile
By:_____
     Ryan Gentile, Esq.
     Law Offices of Gus Michael Farinella PC
     *Attorney for Plaintiff*
     110 Jericho Turnpike – Suite 100
     Floral Park, NY 11001
     Tel: (201) 873-7675
     Fax: (516) 305-5566
     rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                              The Law Offices of Gus Michael Farinella, PC

                    /s/ Ryan Gentile
By:_____
     Ryan Gentile, Esq.